HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MACRYLAND CRARY,

   Plaintiff,

   v.

QUEEN ELIZABETH, RINGO STARR, ROBERT FRIPP, AND YOKO ONO,

   Defendants.

Case No. 3:22-cv-05408-RAJ

ORDER

## I.   INTRODUCTION

THIS MATTER is before the Court *sua sponte*. On June 3, 2022, Plaintiff James Macryland Crary ("Plaintiff") filed a motion for leave to proceed *in forma pauperis* and a complaint. Dkt. ## 1, 1-1. On June 10, 2022, the Honorable Michelle L. Peterson granted the motion to proceed *in forma pauperis* while recommending review under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt 4. Having reviewed the complaint, the Court **DISMISSES** the action.

ORDER – 1

## II.  DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915.  Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B).  Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)."  *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).  Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Here, Plaintiff, appearing *pro se*, filed suit against Queen Elizabeth, Ringo Starr, Robert Fripp, and Yoko Ono.  Dkt. # 1-1 at 2-3.  However, in his statement of the claim, he does not identify any actions taken by any of the named defendants.  *Id.* at 5.  He

ORDER – 2

merely states that "[t]he assassins are criminally insane. They took me to deranged serial mayhem." *Id.* at 5.  He further alleges that he is a "victim of a deranged [] revenge act from WW2." *Id.*  Plaintiff makes no factual allegations to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 568.  These conclusory assertions do not support a cause of action against any named defendants.

In the absence of any factual allegations supporting any discernable cause of action on which relief may be granted, the Court must dismiss the complaint without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Plaintiff may, however, amend the complaint within 21 days of the Order.  "Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** without prejudice.  Plaintiff may file an amended complaint within **twenty-one (21) days** of the Order.  If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action without leave to amend.

DATED this 14th day of June, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3